**FILED**

NOV 1 0 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY CLERK

| | |
|---|---|
| Anthony Norman, | § IN THE |
| plaintiff, | § |
| | § UNITED STATES DISTRICT COURT |
| | § |
| v. | § OF THE |
| | § |
| U.S. Attorney General for the | § WESTERN DISTRICT OF TEXAS |
| Western District of Texas; | § |
| | § |
| Kim Ogg, District Attorney | § cause no. 1:21 CV 01024 LY |
| of Harris County, Texas; | § |
| | § |
| Glenn Hegar, Texas Comptroller | § |
| of Public Accounts; | § |
| | § |
| Sharon Keller, Judge, Texas | § |
| Court of Criminal Appeals; | § |
| | § |
| Mary Lou Keel, Judge, Texas | § |
| Court of Criminal Appeals; | § |
| | § |
| Bert Richardson, Judge, Texas | § |
| Court of Criminal Appeals; | § |
| | § |
| Kevin Yearly, Judge, Texas | § |
| Court of Criminal Appeals; | § |
| | § |
| Scott Walker, Judge, Texas | § |
| Court of Criminal Appeals; | § |
| | § |
| Mike Keasler, Judge, Texas | § |
| Court of Criminal Appeals; | § |
| | § |
| Barbara Hervey, Judge, Texas | § |
| Court of Criminal Appeals; | § |
| | § |

1

Michelle Slaughter, Judge, Texas §
Court of Criminal Appeals,       §
                                 §
David Newell, Judge, Texas       §
Court of Criminal Appeals;       §
                                 §
Deana Williamson, Clerk, Texas   §
Court of Criminal Appeals;       §
                                 §
Nathan Hecht, Chief Justice,     §
Texas Supreme Court;             §
                                 §
Blake Hawthorne, Clerk, Texas    §
Supreme Court;                   §
                                 §
Christopher A. Prine, Clerk      §
Fourteenth Court of Appeals;     §
                                 §
Jeffery D. Kyle, Clerk, Texas    §
Third Court of Appeals;          §
                                 §
James D. Blacklock, Judge,       §
Texas Supreme Court;             §
                                 §
Debra Lehrmann, Judge, Texas     §
Supreme Court;                   §
                                 §
John Phillip Devine, Judge,      §
Texas Supreme Court;             §
                                 §
Paul Green, Judge, Texas         §
Supreme Court;                   §
                                 §
John Brown, Judge, Texas         §
Supreme Court;                   §
                                 §

Jeffrey S. Boyd, Judge,                    §
Texas Supreme Court;                       §
                                           §
Brett Busby, Judge,                        §
Texas Supreme Court;                       §
                                           §
Eva Guzman, Judge,                         §
Texas Supreme Court;                       §
                                           §
All person(s) whom allegedly               §
were or are employed in the                §
Texas Court of Criminal Appeals            §
under the guise of a "staff                §
writ attorney" and not being               §
officially appointed as a                  §
Court Commissioner of the                  §
court from September 2012 to               §
current;                                   §
                                           §
Matthew Bender & Company, Inc.;            §
                                           §
Thompson Prometric (aka West               §
Law®);                                     §
                                           §
Tammy Chapman, Supervisor,                 §
Texas Dept. of Criminal                    §
Justice;                                   §
                                           §
~~Martha~~ Margarita Thomas, Admin. Asst., §
Texas Dept of Criminal Justice;            §
                                           §
M. Cervantes, Admin. Asst.,                §
Texas Dept. of Criminal Justice;           §
                                           §
defendant(s).                              §

3

ORIGINAL PETOTION REQUEST

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Anthony Norman, herein "Plaintiff", who files this Original Petition Request seeking INJUNCTIVE RELIEF, RELIEF FROM, AND COMPENSATORY DAMAGES for specific ultra vires acts, and negligence which has resulted in Civil Rights violations under Federal Law.  Specified defendant(s) have either failed / refused to act when required to do so by law, or have engaged in practices utilizing the power of the State of Texas to unlawfully violate the Plaintiff's rights utilizing a common scheme (criminal enter- prise in violation of: (18 USC §1961) / (18 USC §1962) RACKETEERING INFLUENCED CORRUPT ORGANIZATIONS acting UNDER COLOR OF STATE LAW in violation of (18 USC §241) Klu Klux Klan Act, and (42 USC §1983 ) conspiracy to violate civil rights.

Plaintiff, further seeks INJUNCTIVE RELIEF from the Court in order to compel the U.S. Attorney for the Western District of Texas to present Plaintiff's complaints of violation(s) of U.S. Criminal Law by specific State of Texas Officials, and others hol- ding themselves out as officials, whom have  committed Mail Fraud (18 USC §1341), (18 USC §1343) Wire / Honest Services Fraud, RICO Act Violations (18 USC §1962), and Civil Rights Violations, to a Federal Special Grand Jury of the Western District of Texas as required by any citizen (18 USC §3332).

Further, Plaintiff seeks mandamus relief in bar of state defendant(s)' Ultra Vires acts, and for specific performance: RENDERING JUDGMENT of long delayed judicial instruments ( – MINISTERIAL DUTIES) in the Plaintiff's pending petitions to the various cited courts.

In support, the Plaintiff would show:

4

1. JURISDICTION

   Plaintiff, files this Original Petition pursuant to:

A. 18 USC§1962, 42 USC§1983, 18 USC§1341 (Mail Fraud), and
18 USC§1343 (Wire Fraud / Honest Services Fraud);

B. The subject matter in controversy is within the jurisdic-
tional limits of this court;

C. The defendant(s) in this case largley represent state
entities whom have fraudulently seized the operative power of
state government for unlawful means against the Constitution
and laws of the State and Federal government. (28 USC §1339);

D. Specifically, the defendants in this case operate within,
and in aid of the highest civil, and criminal courts in the
State of Texas.  The Federal Court is the proper venue to
correct abhorent actions committed by state actors UNDER Color
of State Law. (42 USC §1983);

E. The Plaintiff has alleged a conspiracy by multiple parties
to interfere with civil rights – including Voting Franchise,
depriving affected persons of rights and priviledges secured
by the U.S. Constitution. (42 USC §1985);

F. The amount in dispute exceeds $75,000 USD. (28 USC §1332(a));

G. This case presents a question of the State's interpretation
of the U.S. Constitution, significant U.S. Supreme Court
precedent, and as such should be certified to the highest court
of the State of Texas (Tex. Const. Art. V §3-c), (28 USC §1331
Federal Question);

H. The U.S. Attorney General for the Western District of Texas
is a named defendant in this case, and as such the District
Court has jurisdiction. (28 USC §1346), (18 USC §3332(a));

2. Parties and Service

A. Plaintiff, Anthony Norman, herein after ("Plaintiff"), can
be contacted at TDCJ (Le Blanc Unit) 3695 FM 3514, # 01718789,
Beaumont, TX 77705, Jefferson County, Texas;

B. Defendant(s):

i. U.S. Attorney for the Western District of Texas, herein-
after ("Defendant 1"), can be served at 903 San Jacinto Blvd.
Ste. 334 Austin,TX 78701.  Sued in official capacity;

ii. Kim Ogg, Harris County District Attorney, hereinafter
("Defendant 2"), can be served at: Harris County District Att-
orney's Office 500 Jefferson St. Ste. 600, Houston, TX 77002.
Sued in official and individual capacity;

iii. Glenn Hegar, Comptroller, Texas, hereinafter ("Defendant
3"), can be served at: Texas Comptroller's Office, LBJ Bldg.,
111 E. 17th St. Ste 104, Austin, TX 78774, P.O. Box 13528,
Austin, TX 78711-3528.  Sued in official, and individual
capacity;

iv. Sharon Keller, Judge, Position 1, hereinafter ("Defendant
4"), can be served at Texas Court of Criminal Appeals, 201 W.
14th St. Austin, TX 78701-1445, P.O. Box 12308, Capitol Stat-
ion Austin, TX 78711-2308.  Sued in her official, and indivi-
dual capacity;

v. Mary Lou Keel, Judge, Position 2, hereinafter ("Defendant
5"), can be served at Texas Court of Criminal Appeals, 201 W.
14th St. Austin, TX 78701-1445, P.O. Box 12308, Capitol Stat-
ion Austin, TX 78711-2308.  Sued in her official capacity;

vi. Bert Richardson, Judge, Position 3, hereinafter ("Defendant
6"), can be served at: Texas Court of Criminal Appeals, 201 W.

14th St. Austin, TX 78701-1445, P.O. Box 12308, Capitol
Station, Austin, TX 78711-2308. Sued in his official capa-
city;

vii. Kevin Yearly, Judge, Position 4, hereinafter ("Defendant
7"), can be served at: Texas Court of Criminal Appeals, 201
W. 14th St. Austin, TX 78701-1445, P.O. Box 12308, Capitol
Station, Austin, TX 78711-2308. Sued in his official
capacity;

viii. Scott Walker, Judge, Position 5, hereinafter ("Defendant
8"), can be served at:  Texas Court of Criminal Appeals, 201
W. 14th St. Austin, TX 78701-1445, P.O. Box 12308, Capitol
Station Austin, TX 78711-2308. Sued in his official capacity;

ix. Mike Keasler, Judge, Position 6, hereinafter ("Defendant
9"), can be served at: Texas Court of Criminal Appeals, 201
W. 14th St. Austin, TX 78701-1445, P.O. Box 12308, Capitol
Station, Austin, TX 78711-2308. Sued in his official
capacity;

x. Barbara Hervey, Judge, Position 6, hereinafter ("Defen-
dant 10"), can be served at: Texas Court of Criminal Appeals
, 201 W. 14th St. Austin, TX 78701-1445, P.O.Box 12308,
Capitol Station Austin, TX 78711-2308. Sued in her official
capacity;

xi. Michelle Slaughter, Judge, Position 8, hereinafter ("Defe-
ndant 11, can be served at: Texas Court of Criminal Appeals,
201 W. 14th St. Austin, TX 78701-1445, P.O. Box 12308,
Capitol Station, ████████████ Austin, TX 78711-2308.
Sued in her official capacity;

xii. David Newell, Judge, Position 9, hereinafter ("Defenda-
nt 12") can be served at: Texas Court of Criminal Appeals,
201 W. 14th St. Austin, TX 78701-1445, P.O. Box 12308, Capit-
ol Station, Austin, TX 78711-2308. Sued in his official

capacity;

xiii.  Deana Williamson, Clerk, Texas Court of Criminal Appeals, hereinafter ("Defendant 13") can be served at: Texas Court of Criminal Appeals, 201 W. 14th St. RM 106, Austin, TX 78701-1445,  P.O. Box 12308 Austin, TX 78711-2308.  Sued in her official & individual capacities;

xiv.  Nathan Hecht, Chief Justice, Texas Supreme Court, hereinafter ("Defendant 14"), can be served at: Texas Supreme Court Bldg. Austin, TX 78701-1445, P.O. Box 12248 Austin, TX 78711-2248.  Sued in his official and individual capacities;

xv.  James D. Blacklock, Judge, Position2, Texas Supreme Court , hereinafter ("Defendant 15"), can be served at: Texas Supre-me Court, 201 W. 14th St. Supreme Court Bldg. Austin, TX 78701-1445, P.O. Box 12248, Austin, Tx 78711-2248.  Sued in his official capacity;

xvi.  Debra Lehrmann, Judge, Position 3, Texas Supreme Court, hereinafter ("Defendant 16"), can be served at: Texas Supreme Court Bldg, 201 W. 14th St. Supreme Court Bldg. Austin, TX 78701-1445, P.O. Box 12248 Austin, TX 78711-2248.  Sued in he-r official capacity;

xvii.  John Phillip Devine, Judge, Position 4, Texas Supreme Court, hereinafter ("Defendant 18"), can be served at: Texas Supreme Court, 201 W. 14th St. Supreme Court Bldg. Austin, TX 78701-1445, P. O. Box 12248 Austin,TX 78711-2248.  Sued in his official capacity;

xviii.  Paul Green, Judge, Position 5, Texas Supreme Court, hereinafter ("Defendant 17"), can be served at: Texas Supreme Court, 201 W. 14th St. Supreme Court Bldg. Austin, TX 78701-1445, P.O. Box 12248 Austin, TX 78711-2248.  Sued in his official capacity;

xix. John Brown, Judge, Position 6, Texas Supreme Court, herein
-after (:Defendant 19"), can be served at: Texas Supreme Cour
-t ▮▮▮▮ , 201 W. 14th St. Supreme Court Bldg. Austin, TX
78701-1445, P.O. Box 12248 Austin, TX 78711-2248.  Sued in hi
-s official capacity;

xx. Jeffery S. Boyd, Judge, Position 7, Texas Supreme Court,
hereinafter ("Defendant 20"), can be served at: Texas Supreme
Court Bldg. Austin, TX 78701-1445, P.O. Box 12248 Austin, TX
78711-2248.  Sued in his official capacity;

xxi. Brett Busby, Judge, Position 8, Texas Supreme Court,
hereinafter ("Defendant 21"), can be served at: Texas Supreme
Court, 201 W. 14th St. Supreme Court Bldg. Austin, TX 78701-
1445, P.O. Box 12248 Austin, TX 78711-2248.  Sued in his offi
-cial capacity;

xxii. Eva Guzman, Judge, Position 9, Texas Supreme Court, herein
-after ("Defendant 22"), can be served at: Texas Supreme Cour
-t, 201 W. 14th St. Supreme Court Bldg. Austin, TX 78701-1445
, P.O. Box 12248 ▮▮▮▮▮ Austin, TX 78711-2248.  Sued in her
offcial capacity;

xxiii. Blake A. Hawthorne, Clerk, Texas Supreme Court, hereina-
fter ("Defendant 23"), can be served at: Texas Supreme Court,
201 W. 14th St. RM 104, Supreme Court Bldg. Austin, TX 78701-
1445, P.O. Box 12248 Autin, TX 78711-2248.  Sued in his offi-
cial and individual capacities;

xxiv. Christopher A. Prine, Clerk, Texas ▮▮▮▮▮ 14th Court of
Appeals, hereinafter ("Defendant 24"), can be served at: 14th
Court of Appeals, ▮▮▮▮▮▮▮▮▮▮▮▮
301 Fannin St. RM 245, Houston, TX 77002.  Sued in his offici
-al and individual capacities;

xxv. Jeffery D. Kyle, Texas 3rd Court of Appeals, hereinafter ("Defendant 25"), can be served at: 3rd Court of Appeals, 209 W. 14th St., Price Daniel Sr. Bldg. RM 101, Austin, TX 78701-1614, P.O. Box 12247 Austin, TX 78711-2247.  Sued in his official & individual capacities;

xxvi. All person(s) allegedly employed as "STAFF WRIT ATTORNEY" from September 2012 to current, ("Defendant 26"), can be served at: Texas Court of Criminal Appeals, 201 W. 14th St. Supreme Court Bldg. Austin, TX 78701-1445, P.O. Box 12308 Austin, TX 78711-2308.  Sued in his/her/ their individual capacities;

xxvii. Thompson Prometric (aka. West Law®), hereinafter ("Defendant 27"), can be served at: 610 ½Opperman Dr. St. Paul, MN 55123;

xxviii. Matthew Bender & Company, Inc., hereinafter ("Defendant 28"), can be served at:

xxiv. Lori Chambers Gray, Judge, 262nd District Court, hereinafter ("Defendant 29"), can be served at 201 Caroline St. 13th Floor Houston, TX 77002.  Sued in her official capacity;

xxx.Tammy Chapman, Mail Supervisor, TDCJ, hereinafter ("Defendant 30"), can be served at: Texas Department of Criminal Justice P.O. Box 99 Huntsville,TX 77342.  Sued in her individual, and official capacites;

31.  ~~Martha~~ Margarita Thomas, Admin Assit., TDCJ, hereinafter ("Defendant 31"), can be served at: Texas Department of Criminal Justice P.O. Box 99 Huntsville, TX 77342.  Sued in her individual capacity;

32.  Maria S.Cervantes, Admin Assit., TDCJ, hereinafter ("Defendant 32"), can be served at: Texas Department of Criminal Justice 3695 FM 3514 Beaumont, TX 77705.  Sued in her individual, and official capacities.

3. Operative Facts

Summary:

The RICO (– appellate) defendants in this case have devised, an
-d implemented a system to effectively deny the average citiz-
en, prisoner, or non-prefered lawyer the general ability to use
the State of Texas Appellate Courts in effective review of
lawful petitions for grievance.  Some  defendants have covered
up their unlawful activities through the use of mail fraud, and
wire fraud.  The parties have engaged in an over-reaching
scheme to embezel public funds in order to employ so-called
staff writ attorney(s) who implement their plans, and have
concealed this activity. The parties for years have issued
"Notices of Action" ■ purporting causes have been adjudicated
in the Court of Criminal Appeals, and Texas Supreme Court
knowing that the proper number of Judges, nor a Quorum was
established, and that no ORDER, or Pronouncment in Open Court
has been made.

The RICO (TDCJ – mail) defendants in this case have engaged in
a criminal enterprise affecting the U.S. Mails wherein the
defendant(s) use the color of state law to steal U.S. Mail par-
cels, block prisoners from ELECTIVE FRANCHISE, and prohibit
communication with the general public without consent, or legal
authority.

A.  Texas Supreme Court:

  i.  Cause no. 21-0550, IN REVIEW OF: 3rd District Court of
  Appeals ("COA") #03-19-00297-CV, STYLE: NORMAN v. WILLIAMSON
  , TYPE: PETITION FOR REVIEW,

  a.  Plaintiff, challenged the COA's affrimation, and the
  reasoning it used to justify the 345th District Court's
  ambigious ORDER.  As cited by the Plaintiff, either the

345th had no jurisdiction to grant mandamus relief against
the defendant(s) and award compensatory damages - as provi-
ded via <u>Tex. Const. Art. V §8</u> (general jurisdiction),  or
that the Court did not have jurisdiction [1] because it found
that the actions and / or inactions of the defendants were
legally authorized, and therefore not actionable (a frivil-
ous request).

Notably, the 345th dismissed the defendant(s) with prejudi-
ce - implying jurisdiction, and a merits based review of th
-e issues. (Upon a request for Findings of Fact and Conlu-
sions of Law - the hearing Judge simply cited her refusal
to do so.  The COA refused to seek compliance with Tex. Civ
-il Procedure <u>Rule 269</u> - upon request / notice);

b. On Direct Appeal, the COA instead of requiring a Findi-
   ngs of Fact chose only to address the jurisdictional issue.
   It cited that both the Clerk and Judge Keller had <u>**SOVERIGN**</u>
   <u>**IMMUNITY**</u>, from a Writ of Mandamus (-<u>requesting the perfor-</u>
   <u>mance of a ministerial duty</u>),  and that the Texas Court of
   Criminal Appeals ("TCCA") opinion cited in Ex parte
   Coronado, <u>508 S.W.3d261</u>(Tex. Crim. App. 2016)[2] was cont-
   rolling.

c. As interpreted on Direct Appeal from the 345th by the
   3rd COA, the Plaintiff, sought to Challenge the Constitu-

---

1. The 345th District Court signed an ORDER March 25, 2019, cit-
ing it granted both the plea to the jurisdiction, and motion to
dismiss, having had a non-evidentary hearing.
2. Ex parte Coronado, cites no statutory, or constitutional basis
for the court's departure from the plain meanings of the Texas
Constitution, or other statutory provisions.  Further, the opinio
-n cites less than a quorum of judges participating (<u>less than 5</u>)
making the text a nullity at law.

tionality of a Statute.  The Plaintiff's challenge
actually questioned how the Texas Court of Criminal
Appeals("TCCA") has deliberatley mis-interpreted the
plain text of the Texas Constitution, Texas Rules of
Appellate Procedure ("TRAP"), and Texas Code of Criminal
Procedures (TCCP), some how SECRETLY DECIDING IT COULD
SOMEHOW MAKE RULINGS ON CASES WITHOUT HAVING ▮▮ ANY TYPE
OF WRITING, OR RECORD SHOWING A QUORUM OF JUDGES ACTUALLY
RENDERED A DECISION,  OR THAT IT NOW HAD THE ABILITY TO
DELEGATE THIER JUDICIAL DECISION MAKING AUTHORITY TO
SO-CALLED STAFF WRIT ATTORNEYS - whom are unknown, and
unauthorized court personel;

Plaintiff, also raised issue with the TCCA's use of an
apparent siginaling system used between itself, and the
various District Courts to selectively apply the law as
it is actually written (providing a limited few due proce-
-ss) while denying the bulk of petitioners even a cursory
review, and much less than an actual rendered legally
cognizable decision.

ii. In the course of this case the defendant's of the TCCA have
admitted that they have for years operated ▮▮ via a directive
established in an unknown policy refered to as INTERNAL RULES[3]
, which the TCCA uses to pre-screen, and dismiss the vast
majority of cases / matters filed in the court through singula-
-r action / discretion of the Clerk of the TCCA, through the
unknowable actions of a staff writ attorney, or a single judg-
-e acting on behalf of all the judges of the court without , ▮
and sometimes with consent of the elected judges of the court.[4]

---

3. Tex. R. App. Proc. Rule 76 (published in 1997) cites:all inter
-nal rules of the TCCA have been revoked upon implementation of
TRAP Rule 76.
4. Exparte Dawson, 509 S.W.3d 294,298(Tex.Crim. App. 2016) cites:
first revealed long-standing practices of the TCCA, including the
employment of so-called "Staff Writ Attorney(s)" whom are granted
the authority of all the elected judges of the TCCA to dispose of
issues before the court without any written record, and with or
without and actual judge of the court's consent.

iii.. The TCCA defendant(s) through counsel have attempted to impress upon the Plaintiff their majestic status as public officials, and their devine ability to selectively follow the Texas Constitution, Texas Statutory Law, Texas Rules of Appealate Procedure, Texas Government Code, and State Penal Code.  Apparently, laws only apply to the little people. Through their interpretation the TCCA:

    a. has decided that the petitons arriving in the court are to be afforded discretionary review[5];

    b. can re-write the laws of the state on a case by case basi -s when it suits the court[6,7,8,9];

    c. does not have to adhere to the rules published in Tex. R. App. Proc.

    d. even though the TCCA is a Court of Record, that it does n -ot have to actually make Official State of Texas records which are legally cognizable as official action;

    e. can break the criminal laws of the State of Texas without recourse;[10, 11,12,13]

  iv.  So far, the defendant(s) have refused to produce the alleged secret order refered to as internal operating proce- dures[4,13]

  iv.  Plaintiff, had sought through mandamus - a FINAL DISPOS- ITION to his still pending  Request for Petition for Discr- etionary Review.[14]  This petiton was filed in January of 201 -3, and is still pending.  To date NO ORDER has issued from

---

5.  <u>Tex. Const. Art. V §4</u> Court of Criminal Appeals;Judges
6.  <u>Tex. Gov. Code §22.106</u> Commissioners of Court of Criminal Appeals
7.  <u>Tex. Penal Code §36.04</u> Improper Influence
8.  ████. <u>Tex. Const. Art. V §31</u> Court administration and rule- making authority
9.  <u>Tex. Const. Art. II §1</u> Division of Powers; three seperate departments, (...)
10. <u>Tex. Const. Art. III § 44</u> Compensation of public officers, s- ervants, agents ...
11. <u>Tex. Penal Code §32.48</u> Simulating Legal Process
12. <u>Tex. Gov. Code §22.108</u> Rules of Appellate Procedure in Crimin -al Cases
13. Exparte Coronado,<u>508 S.W. 3d 261</u>(Tex. Crim App. 2016)
14. <u>Tex. R. App. Proc. Rule 69.4</u> Clerk's Duties

the Clerk of the TCCA satisfying TRAP Rule 69.4, and retu-
rning jurisdiction back to the 14th Court of Appeals.
In Texas, it is a statutory requirement that a challenged
appellate decison of a State Appellate Court be certi-
fied by the highest court's clerk before issuance of the
Mandate, and in addition, in the case of a challenged crim-
inal conviction, a Felony Conviction will only finalize aft
-er the TCCA's review.  By law the TCCA is obligated to ▮▮▮▮
RENDER sometype of official decision on PD-1488-12[15];

v.  Plaintiff, also sought through mandamus final dispositi-
on of all his pending Applications for Writ of Habeas Corpu
-s, again seeking a legally cognizable decision on the
merits as guaranteed by the Tex. Constitution[16]. These
applications have been pending at various intervals from
2015.  See: TCCA "WR-76,389-08", "WR-76,389-10", "WR-76,
389-12", which largley present the same 101 unadjudicated
grounds for relief[17];

vi.  It now appears that in the same manner that the TCCA use
-s to clear its' DOCKET - without a legally cognizable deci
-sion, that the Texas Supreme Court is also engaged in the
same practice, violating the Court's public rulings, State
Constitution, and statutory laws[18].
a.  Clerk Hawthorne, has removed cause no. 21-0550 from the
    court's docket, and mailed a "Notice of Action" attesting
    that the cause was denied ▮August 27,2021·;
b.  Clerk Hawthorne's Notice of Action fails to recite:
    which if any of the Tex. Sup.▮▮ Judges' actually participa
    ed in deciding the matter, is unsigned, not issued per cur
    -ium, or by an enbanc court, and is uncertified;
c.  Clerk Hawthorne has refused all request for an official

_____

15.  Tex. Code Crim. Proc. Art. $4.04 Court of Criminal Appeals 2
▮▮▮ (b)
16.  Tex. Const. Art. I §12
17.  ▮EX. ▮ODE ▮RIM. ▮ROC. RULE 1.08 Habeas Corpus
18.  Tex.▮▮. App. Proc. Rule 56.5 Return of Documents to ▮ourt of
Appeals

certified copy of the order, or transcript entered into the minutes of the court which would show a legally cognizable decision was had:

vii. The 3rd COA Clerk Kyle has already issued the Mandate despite not having a certified copy of an order as mandated by TRAP Rule 56.5[18].

viii. In practice all the clearks of the COA, follow the TCCA, a -nd Tex. Sup. in a practice of reporting these alleged actions taken – which are not actual legally cognizable decisions of the States' highest appellate court to the vari -ous legal publishes such as West Law, and Lexis for wider desimination, and  concealment.  These publishers have refus ed to require a certified record before publication – continuing the fraud.

ix. Cause no. 20-0276, Petition for Writ of Mandamus, STYLE: IN RE NORMAN

a. Plaintiff, filed a Petition for Writ of Mandamus in the in the Texas Supreme Court, an original petition on March 20, 2020;

b. Plaintiff, sought mandamus relief against:

1. Judge Lori Chambers Gray, of the 262nd District Court, Harris County, Texas – seeking to compel Judge Gray to rule on a Motion to Vacate Void Judgment in cause  no. 1248767, which had been pending in her court. Plaintiff, had allege -d that the prior Judge of the 262nd had RENDERED judgment in the case with a known mandatory disqualifying status having been counsel in the case for the Harris County District Attorney's Office, as interpreted under rules of Judicial Administration, Tex. Const. Art. V §11, and TESCO  opinion.  Todate Judge Gray has refused to consider the matter;

2.  Whether or not a disqualified Judge before a case begins
is an obvious issue of Judicial Administration, and has no
bering on deliberative matters conducted after the trial
started;

3.  Clerk Christopher A. Prine of the 14th COA - seeking to
compel Clerk Prine to withdraw the Mandate he issued in
cause no. 14-11-0433-cr - citing:
a.  To date Clerk Prine has yet to receive a Certified Orde
-r refusing, granting, or denying PD-1488-12 as required b
-y TRAP 69.4;
b.  As of August 20,2020 the 14th COA has opinined that:
i.  The Clerk of the TCCA filed a fictious notice of actio
-n citing a disposition which never occurred;
ii.  That Clerk Prine was tricked in to issuing the Mandate
iii.  That the Clerk of the TCCA also publiched the Notice
of Action on the Internet for public consumption;
iv.  That the Plaintiff's fight is not with the 14th COA,
but with the TCCA;
v.  That since TRAP Rule 18 did not specifically prohibit
Clerk Prine from issuing the Mandate, that it was ok; (:)

4.  Clerk Jeffery D. Kyle of the 3rd COA - seeking to compel
Clerk Kyle to submit the filed Appellee, and Appellant Brie
-fs to the 3rd COA, which had been pending for 6+ months.
(The underlying cause was submitted in cause no. 03-19-
00297-cv Feburary 11, 2021, and is the subject of Tex. Sup.
21-0550;

5.  As in cause no. 21-0550, cause 20-0276 was allegedly

---

19.  TESCO AMER. Inc. v. STRONG IND., 221 SW3d 550 (Tex. 2006)
holding: Counsel that becomes a judge has an assumed imputed know
ledge of any case present in the firm of their employment before
being seated to the bench, and disqualification is mandatory.

denied denied without an opinion (ORDER) being issued in
writing, or orally in open court by a quorum of judges.
Clerk Hawthorne reported that this denial occurred May15,
2020.  After multiple request Clerk Hawthorne to date has
refused to or failed to produce a certified record - he
has even refused purchase of the alleged record.

B. TDCJ Mail (RICO) ██ defendants

     The Plaintiff is currently housed on the Le Blanc Unit
of the Texas Department of Criminal Justice, and as such is
subject to various rules applied in the effort to maintain
a secure facility.  For some reason,  various mailroom supe
-rvisors have joined a criminal conspiracy to violate those
written policies of TDCJ in violation of State, and Federal
Laws.  These state actors in the guise of following DRC pol
-icy have chosen to target certain mails being sent or
received by persons on TDCJ prisons either stealing U.S.
Mail out right, delaying its delivery, or refusing ██
delivery - claiming a wrong address.  In particular the
Plaintiff has had:

i.  Stamped Legal mail sent to the Sheriff of Fannin County
    to an inmate in the county lockup - before his case has be
    en adjudicated taken, and not returned on the prmise that
    Plaintiff had broken a rule trying to communicate to a
    TDCJ Offender - unit to unit;

ii. Election ballots - over the past two election cycles
    a Ms. Tammy Chapman has apparently (as reported by the
    mailroom supervisors expressed an opinion that people in
    TDCJ should not be able to vote - even when properly
    registered by the Secretary of State - not having had thei
    -r Felony Conviction finalized by review in the TCCA.

     TDCJ's Policy explicitly cites some inmates can vote, ██
as does the election code, but these Mailroom Personnel
continue to act Ultra Vires with an expressed intent  to

block the ballot box.  The Director Review System does not
fix the problem as it is not actually being implemented in
a commitee format.  DRC via reports from those same mailroo
-m supervisors does not keep minutes of actions taken.  All
it takes is one rouge employee to effect whether or not a
particular person will receive mail, or have his/her mail
confiscated without payment, or a valid penological reason.

iii.  Plaintiff has had the last two absentee ballots stolen
   from him: 1.) Before he received the ballot (2020), and recen
   -tly after he sealed, and deposited the mail for postal deliv
   -ery having been stamped and sealed (2021).


C.  Court of Record
 i. The Texas Supreme Court is a Court of Record
ii. The Texas Court of Criminal Appeals is a Court of Record

BOTH COURTS HAVE SELECTIVELY DECIDED THAT MOST OF THE TIME TH
-EY DONT ACTUALLY HAVE TO PROVIDE ANY DUE PROCESS

    <<<Plaintiff contends they do not want to rule on his -
         case because the errors are deliberate,
    fundamental, and grossly obvious.  By refusing to rule
         Texas saves itself from yet another wrongful
         conviction, and in this case, concealed by those
         who have a duty to see that justice is done >>>

The Chief Justice, and Presiding Judge both have independent
Administrative Duties under Texas Rules of Judicial Administratio
-n to keep, and maintain the records of the court.  Neither Judge
seems bothered by the fact that thousands of case - the majorit
y of the docket in the TCCA just disappears from view. Tex.
R. Judical Admin 12.4

4.  Allegations

   A.  Rackateering Activity (18USC$ 1962)

    i.Defendant(s) 2-■ 14, 23 - 28, have engaged in a criminal
      conspiracy falsley reporting alleged legal decisions from th
      -e Texas Court of Criminal Appeals, and Texas Supreme Court
      in a coordinated effort to deny certain groups of citizens
      thier legitimate right to use the adjudicative process of
      those courts.  Using this scheme the defendant(s) have
      fraudulently embezeled significant state funds as compen-
      sation for individuals who aid the parties in carrying out
      the scheme.  Primarily it appears the scheme is designed to
      target convicted individuals, and persons whom have not
      conducted business with known attorneys to the court;

    ii.  In furtherance of their conspiracy, the defendant(s)
      2-14, 23-28 have mailed via U.S. Mail, and electronically pu
      -blished alleged judicial decisions of each court which were
      not RENDERED via a majority of a quorum of judges of the var
      -ious courts as required by law.  Said electronic publicatio
      --n occurs via the internet, and or common carrier in inter-
      state commerce.  The cited defendants here publish thousands
      of fraudulent decisions a year in this manner;

    iii.  Further, the defendants involved in this scheme present
      thier false decisions in the various Federal and State court
      -s as official government records in an attempt to thwart th
      -e legitimate review of state decisions to the demise of
      like situated persons such as the Plaintiff;

'OFFICER OF THE COURT HAS NO IMMUNITY WHEN VIOLATING A CONSTITUTIONAL RIGHT, FROM
LIABILTTY FOR THEY ARE DEEMED TO KNOW THE LAW.' OWEN v. INDEPENDENCE, 100 S.CT 1398 .

    iv.  Defendant 3, Texas Comptroller has allowed this scheme to
      florish and continue even once notified of its unlawful natu
      re, and has refused the Plaintiff his Civil Right per Tex. G
      -ov. Code §601.007.[20]

v. Defendant(s)  30-32 have combined into a criminal enter-
prise whose chief objective appears to be interfering with
the U.S. Postal Service, and preventing eligible inmates
from exercising the right to vote;

vi. Defendant 2 has specifically sought to maintian an known
wrongful conviction.  This defendant has a duty to disclose
all exculpatory evidence before, during, and after trial.
Even though requested Defendant 2 refuses to produce:

  a. Exculpatory video of 3 year old 12/01/2008;

  b. Complete cell phone records ████  for all telephone
numbers on AT&T Cellular Records of Plaintiff, which
have been blocked from his perview by the Harris Cou-
ty D.A. since 12/03/2008;

  c. All video evidence - unmodified (edited);

  d. Do not call listing for Harris County Detective personne
-ll involved in case (false testimony witnesses);

  e. termination records for Det. Henry Palacios, A.J. Kelly,
Ben Kattrib);

  f. False affidavit presented by Collen Barnet to the grand
jury - disavowed by Sgt. Palacios;

  g. Termination / employee records for Carolyn Sckerl Allen,
Brian Nactigall (terminated Asst. D. A.'s);

  h. Full name of Judge Denise Bradley while employed in the
Harris County D.A.'s Office including start / terminati
-on dates;

B.   Refusal to Preform Ministerial Duties

  1.  U.S. Attorney for the  Western District of Texas (Austin)
  a.  Plaintiff has attempted mutiple times to contact the U.S
Attorney, and report the various violations of Federal Law

---

20.  Tex. Gov. Code § 601.007 Evidence of Qualification of Office
21.  Tex. Gov. Code § 601.005 Govenor to commission state or coun
-ty officers

seeking  an investigation ;

b.  Plaintiff requested action per 28 USC §3332, to actuall-y bring notice of the Defendant(s) RICO activities to a Special Grand Jury of the Western District of Texas;

c.  The U.S. Attorney has ignored all correspondence / request for relief;

2.  42 USC §1983 Civil Right Violation(s)

a.  Plaintiff, has attempted review in the various state courts on which the judges in this case now occupy an elected position.  Due to the ongoing scheme to conceal the unlawful acts of other court personnel, it has been impossible to █████ receive a legitimate legally cognizab -le state court adjudication on the merits;

b.  Defendant(s) 15-22, who may, or may not be involved in the major RICO activity have failed to diligently adhere to the business of the court, and state.

c. Plaintiff has a State, and Federal right of Access to Courts, which includes a Petition for Redress of Grievanc -e, and Right to Due Process;

d.  The various courts still have petitions, and motions which have not been officially resolved including:

1.  Texas Supreme Court(cause no.):
 i. 21-0550 Petition for Review;
ii. 20-0276 Writ of Mandamus;

2.  Texas Court of Criminal  Appeals (cause no.):
 i. "PD-1488-12"  Petition for Discretionary Review;
ii. "WR-76,389-08" Application for Writ of Habeas Corpus;
iii. "WR-76,389-10" "              "         "     "    ;
iv. "WR-76,389-12" "              "         "     "    ;

3.  262nd District Court

"*MOTION TO SET ASIDE VOID JUDGMENT*";

i. cause no. 1248767 ~~"Motion to Vacate Void Judgement"~~

4. 3rd Court of Appeals (cause no.):

i. 03-19-00297-CV  Mandate issued without Jurisdication ;

5. 14th Court of Appeals (cause no. ):

i. 14-11-00433-CR  Mandate issued without jurisdiction;

*****     PLAINTIFF IS ENTITLED TO DUE PROCESS     *****

5. Relief Requested

A. Injunctive Relief

i. Plaintiff seeks final disposition of all pending cases
in each respective court, including the withdrawal of Mandat-
es not authorized by law to be issued;

ii. Plaintiff seeks the presentment to all alleged ▨▨▨▨
violations of Federal Criminal Law to a Federal Grand Jury
of the Western District of Texas;

iii. Plaintiff seeks an injunction against the defendants,
prohibiting the publication, and distribution of reported
Texas cases which do not have a corresponding certified
record indicating a quorum of judges participated, and deci-
ded the issue presented with a majority concurence of a
panel, or enbanc court as organized to hear the matter befor
-e the court;

iv. Plaintiff seeks a prohibition of payments to all non-stat
-e employees - persons without the certificate described in
TX. Gov. Code § 601.005 on the Texas Court of Criminal Appea-
ls, and exclusion from the State Employees Retirement Fund
for persons found to have been "employed without such a

certificate from the Govenor – past, and present;

    v.  Plaintiff seeks full disclosure of all exclupatory
evidence currently being held by Defendant 2, or other
government agencies under her controll, or access;

   vi.  Plaintiff, seeks an injunction to prevent the mail
RICO defendants from interfering with the U.S. Mail, or
applying Ultra Vires policies not sanctioned by thier
employing organization;


B.  Damages – sought from individuals, and corporations being
sued in their individual capacities:

   i.  Plaintiff seeks $2500 / day from all individual RICO
Appellate Defendants for the period of the conspiracy
against the Plaintiff (September 1, 2012 to current;

  ii.  Plaintiff seeks  100, 000 per missed election, and $10,0-
00 per letter mis–appropriated by the RICO mail defendants
;

 iii.  Plaintiff seeks nominal damages of $1.00;

  iv.  Plaintiff seeks all other compensatory damages to which
he is entitled;

6.  Attorney's Fees  (42 USC §1988)

    Request is made for all cost, and reasonable and necessary
attorney's fees incurred by the Plaintiff, including all fees
necessary in the event of an appeal of this cause to the 5th
circuit court of Appeals, and / or U.S. Supreme Court as the

---

21.  18 USC §3332(a)  Special Grand Jury Powers and duties
22.  Milliken v. Meyer, 61 S.Ct. 339 (1940) holding: a void
    judgment is addressable anytime because the court never had
    the authority to make the original proclamation

court deems equitable, and just.

7. Prayer

   WHEREFORE PREMIS CONSIDERED, Plaintiff prays that Defendant-
(s) be cited to appear and answer herein and that on final trial
hereof declaratory judgment be granted as requested herein and Pl
-aintiff be awarded cost, reasonable attorney's fees, and all oth
-er such relief that may be awarded at law or equity.

                                    Respectfully submitted,

                                    _____  11/02/2021

                                    Anthony Norman
                                    Pro Se / IN PROPIA PERSONA
                                    #01718789 Le Blanc
                                    3695 FM 3514
                                    Beaumont, TX 77705